IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| C&K PLUMBING, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Case No. 1:26-cv-3077 |
| | § | |
| C & K PLUMBING AND SUBCONTRACTING, LLC d/b/a CKP, LLC, | § | JURY DEMAND |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff C&K Plumbing, LLC files this Original Complaint against Defendant C & K Plumbing and Subcontracting, LLC d/b/a CKP, LLC, and respectfully shows the Court as follows.

**NATURE OF THE ACTION**

1. This is an action for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), and for related claims under Texas law. Since 2016, Plaintiff has provided licensed plumbing services in Central Texas under the trade name "C&K Plumbing." In 2021, Defendant organized itself under the nearly identical name "C & K Plumbing and Subcontracting, LLC." After Plaintiff objected in 2023, Defendant represented that it had "filed for a name change" with the Texas Secretary of State. It did not. Defendant instead filed only an assumed name certificate for "CKP, LLC" and has continued to use "C & K Plumbing and Subcontracting, LLC" as its legal and operating identity

on the contracts, permits, supplier accounts, payment documents, licensing records, and project documentation through which it conducts business.

2. Defendant has since expanded into Plaintiff's established Central Texas service area. The result has been repeated confusion among general contractors, a municipal permitting office, suppliers, employees, and end users, including a general contractor's transmission to Plaintiff of a final-payment release for Defendant's work, the City of Leander's association of Plaintiff with a permit for a project Plaintiff never performed, misuse of Plaintiff's supplier account, Defendant's employee filing an employment claim against Plaintiff, and repeated service and warranty calls intended for Defendant. Plaintiff seeks injunctive relief requiring Defendant to remove "C&K Plumbing" from its legal name and to stop using any confusingly similar designation, in addition to damages, costs, and attorney's fees.

## PARTIES

3. Plaintiff C&K Plumbing, LLC ("C&K" or "Plaintiff") is a Texas limited liability company formed in December 2016, with its mailing address at P.O. Box 249, Weir, Texas 78674. C&K provides commercial and residential plumbing services in Central Texas, including Georgetown, North Austin, Round Rock, Pflugerville, Manor, Cedar Park, Leander, Taylor, and Liberty Hill.

4. Defendant C & K Plumbing and Subcontracting, LLC d/b/a CKP, LLC ("Defendant") is a Texas limited liability company formed in July 2021, with its principal place of business in Fort Worth, Texas. Defendant may be served with

process through its registered agent Sarah Day Collins, at 3729 Aspen Brook Ln, Fort Worth, Texas 76244-7823, or wherever she may be found.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over Plaintiff's claim under the Lanham Act under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121(a), because that claim arises under the trademark laws of the United States.

6. This Court has original jurisdiction over Plaintiff's Texas common-law unfair competition claim under 28 U.S.C. § 1338(b), because it is a claim of unfair competition joined with a substantial and related claim under the trademark laws. This Court has supplemental jurisdiction over Plaintiff's remaining Texas-law claims under 28 U.S.C. § 1367(a), because those claims are so related to Plaintiff's Lanham Act claim that they form part of the same case or controversy. All of Plaintiff's claims arise from a common nucleus of operative fact. Defendant's use of the "C&K Plumbing" designation, the parties' 2023 communications concerning that use, and the resulting confusion.

7. This Court has personal jurisdiction over Defendant because Defendant is a Texas limited liability company with its principal place of business in Texas, and because the claims in this action arise from Defendant's business activities in Texas, including in this District.

8. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred here. Plaintiff's goodwill in the "C&K Plumbing" name is centered in

Williamson County and the surrounding Central Texas area, and the confusion described below, including the City of Leander permit confusion and the Cedar Park service call, occurred in this District.

## FACTUAL ALLEGATIONS

### A. C&K's Senior Use of the "C&K Plumbing" Trade Name

9. C&K was formed in December 2016 and has continuously used the trade name "C&K Plumbing" in connection with licensed plumbing services in Central Texas since that time.

10. C&K performs commercial and residential plumbing service, repair, and remodel work, as well as commercial new-construction plumbing work. C&K relies on referrals and its reputation to obtain business, and it has developed goodwill under the "C&K Plumbing" name among customers, general contractors, suppliers, and municipal inspectors in Central Texas, some of whom have referred friends and family to C&K.

11. Through years of continuous use, the "C&K Plumbing" name has come to identify C&K as a reliable source of plumbing services offered under it in Central Texas.

### B. Defendant's Formation and Adoption of a Nearly Identical Name

12. Defendant was formed in July 2021, nearly five (5) years after C&K, under the name "C & K Plumbing and Subcontracting, LLC." The dominant and distinguishing portion of that name, "C&K Plumbing," is identical to C&K's trade name. The added words "and Subcontracting, LLC" are descriptive and do not distinguish Defendant from C&K.

13. Defendant also provides plumbing services. Confusion began soon after Defendant began operating. In 2023, C&K learned that Defendant had an account with the plumbing supply house Ferguson associated with C&K's name. A C&K customer asked C&K why there were two "C&K Plumbings" on Yelp, and at least one of Defendant's customers called C&K.

**C. The 2023 Dispute and Defendant's Promise to Change Its Name**

14. On July 12, 2023, C&K sent a cease-and-desist letter to Defendant. The letter stated that Defendant's use of the name "C&K Plumbing" was deceptively similar to C&K's name, and it demanded that Defendant "immediately cease and desist use of the business name 'C&K Plumbing'" in "all marketing, trade, online, and business manner by August 12, 2023."

15. Two weeks later, C&K told Defendant that it would "absolutely will not grant any permission in writing for you to use C&K Plumbing," and that C&K "will not accept the addition of 'and Subcontracting' as a differentiator, because it is still too similar to our name."

16. C&K followed up a few weeks later and notified Defendant that it was still listed on Yelp, TikTok, and Facebook as "C&K Plumbing and Subcontracting," and asked again whether Defendant intended to change its name.

17. Defendant responded a week later and stated: "I have filed for a name change with the SOS and we are working to remove the name C&K Plumbing and Subcontracting from all of our social media." C&K thanked Defendant for taking steps to avoid future confusion.

18. The next day, C&K's counsel wrote to Defendant, memorializing C&K's understanding, that Defendant had "voluntarily agreed to make the appropriate and necessary filings with the Texas Secretary of State to bring about the immediate and legal change of name for your entity," and requesting assurances that use of "C&K Plumbing" would also be discontinued in advertising, social media, and company vehicles.

19. However, Defendant did not file a legal name change with the Texas Secretary of State. Instead, Defendant filed only an assumed name certificate permitting it to do business under the name "CKP, LLC," while keeping "C&K Plumbing and Subcontracting, LLC" as its legal entity name.

20. Defendant did not stop using "C&K Plumbing and Subcontracting, LLC" in commerce. Defendant has continued to use that name as its operating identity in the sale and performance of its plumbing services, including on contracts, permits, contractor and licensing registrations, certificates of insurance, supplier and vendor accounts, payment documents, and project documentation. Defendant has admitted that "all licensing and permitting activities have continued under our registered name" and that its adoption of "CKP, LLC" was "not a legal name change."

**D. Defendant's Entry Into C&K's Central Texas Market**

21. In September 2023, Defendant represented to C&K that Defendant was only doing business in the Dallas–Fort Worth area.

22. Defendant has since expanded into Central Texas. Defendant has acknowledged that Defendant accepts projects in Central Texas, including in C&K's

established service area, and Defendant has performed work on projects in Leander and Cedar Park, Texas, both of which are within C&K's service area.

23. C&K and Defendant now offer licensed plumbing services in the same geographic market, to overlapping general contractors and property owners, before the same municipal permitting offices and inspectors, and through the same supply houses. At least one contractor for whom C&K performs commercial construction work is bidding work for D4 Construction, the general contractor involved in the confusion described below.

## E. Actual Confusion

24. Defendant's continued use of "C&K Plumbing and Subcontracting, LLC" has caused repeated actual confusion among the parties' general contractors, municipal offices, suppliers, employees and end users.

25. **Supplier account confusion.** Personnel associated with Defendant have used or attempted to use C&K's account at the Ferguson plumbing supply house. C&K has been forced to maintain transaction alerts on its Ferguson account to prevent Defendant's employees from charging goods to it.

26. **Misdirected service and warranty calls.** C&K has received calls and complaints from Defendant's customers, and from tenants of Defendant's customers seeking warranty assistance or service for work Defendant performed. These callers reached C&K because they searched for the "C&K Plumbing" name associated with the company whose work was at issue.

27. **December 2025 DocuSign final-payment release.** On December 11, 2025, C&K received through DocuSign a Conditional Release of Final Payment intended for a project performed by Defendant.

28. **The City of Leander permit confusion.** In 2026, C&K was associated in the City of Leander's (the "City") records for Project No. BLDC-26-01032, a project in which C&K was not involved. C&K was required to notify the City that it had not contracted for the work, accepted no responsibility for it, and needed its name removed. The City confirmed that it had removed C&K from the project. The general contractor, D4 Construction, then instructed the City, and others involved with the project, to "make sure that C&K Plumbing is removed from the projects on all platforms" and replaced with "CKP, LLC," and apologized for the "confusion and/or miscommunication."

29. **August 2026 Cedar Park service call.** On August 18, 2026, after the Leander correction, an employee associated with the same general contractor called C&K about a broken water line at a Cedar Park project performed by Defendant, after he was unable to reach Defendant using the contact information available to him.

**30. Ongoing Confusion.** Most recently, one of Defendant's former employees submitted a claim for unemployment benefits against C&K's account with the Texas Workforce Commission.

31. Defendant has acknowledged the confusion. On August 13, 2026, in response to C&K's complaints about Defendant's employees charging purchases to

C&K's accounts and about permitting confusion, Defendant stated that it understood "why that's aggravating," that "mistakes get made," that "I know you've been around longer," and that "I will make every effort to avoid or correct any confusion that comes up between our names in the future."

32. Each of these incidents has required C&K to spend time and money correcting third-party records, disclaiming responsibility for work it did not perform, and explaining to customers, general contractors, suppliers, and government personnel that the two companies are unrelated. Each incident also exposes C&K to reputational harm and to warranty, regulatory, and liability claims arising from work C&K did not perform and cannot control.

**F. Defendant's Refusal to Change Its Legal Name**

33. On August 13, 2026, C&K demanded that Defendant abandon the "C&K Plumbing and Subcontracting, LLC" name and re-register with the Texas State Board of Plumbing Examiners as CKP, LLC.

34. On August 26, 2026, Defendant, through counsel, refused. Defendant stated that it "will not dissolve, rename, or abandon the legal entity through which it is licensed, bonded, insured, permitted, and contracted," and proposed instead that it continue to use "CKP LLC and CKP Plumbing" publicly while retaining its legal name "for licensing, permitting, bonding, insurance, and contracting purposes."

35. On August 28, 2026, C&K, through counsel, rejected that proposal and again demanded that Defendant amend its organizational filings to remove "C&K Plumbing" from its legal name and stop using any confusingly similar designation. Defendant has not done so.

36. Defendant's registration of its entity name with the Texas Secretary of State does not authorize its use. Under Texas law, the filing of a certificate of formation or the registration of a name "does not authorize the use of a name in this state in violation of a right of another under" the Lanham Act, Chapter 16 or 71 of the Texas Business & Commerce Code, or common law. TEX. BUS. ORGS. CODE § 5.001(a).

37. Defendant has known of C&K's prior rights and objections since at least July 2023. Its continued use of the "C&K Plumbing" designation after notice, after representing that it had filed for a name change, and after expanding into C&K's market, is knowing and willful.

38. Unless enjoined, Defendant's conduct will continue to cause confusion and irreparable injury to C&K's goodwill and reputation, for which C&K has no adequate remedy at law.

## CAUSES OF ACTION

### COUNT I: UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)(1)(A)

39. C&K incorporates the preceding paragraphs by reference.

40. Section 43(a) of the Lanham Act makes liable any person who, "on or in connection with any goods or services," uses in commerce "any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin," that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by

another person." 15 U.S.C. § 1125(a)(1)(A). Section 43(a) protects unregistered trade names.

41. **Protectable trade name and priority.** C&K owns protectable rights in the "C&K Plumbing" trade name, which it has used continuously in connection with plumbing services since 2016. C&K's use predates Defendant's formation and first use in July 2021.

42. **Use in commerce.** Defendant uses "C&K Plumbing and Subcontracting, LLC," and the dominant term "C&K Plumbing," in commerce in connection with the sale, offering, and performance of its plumbing services, including on contracts, bids, invoices, payment documents, permits, certificates of insurance, contractor registrations, supplier and vendor accounts, project-management platforms, and online listings. On information and belief, Defendant's business uses instrumentalities of interstate commerce, including the internet, electronic signature and payment platforms, and supply chains for materials sourced in interstate commerce, and Defendant's infringing conduct has a substantial effect on interstate commerce.

43. **Likelihood of confusion.** Defendant's use is likely to cause, and has caused, confusion, mistake, and deception as to the affiliation, connection, or association of Defendant with C&K, and as to the origin, sponsorship, or approval of Defendant's services. Among other things: (a) the dominant portion of Defendant's name is identical to C&K's trade name; (b) both parties provide licensed plumbing services; (c) both parties now operate in the same Central Texas market and deal

with overlapping general contractors, municipal permitting offices, inspectors, suppliers, and end users; (d) Defendant continued its use with knowledge of C&K's prior rights and objections; and (e) general contractors, a municipality, suppliers, employees, and end users have actually confused the parties, as alleged in Paragraphs 27 through 32.

44. Defendant's conduct has been knowing, deliberate, and willful.

45. As a direct and proximate result of Defendant's conduct, C&K has suffered and will continue to suffer damages, including the cost of correcting misdirected records and communications, injury to its goodwill and reputation, and exposure to warranty and liability claims for work it did not perform. Defendant has been unjustly enriched by its use of the name.

46. C&K is entitled to injunctive relief under 15 U.S.C. § 1116(a), including the rebuttable presumption of irreparable harm that statute provides upon a finding of a violation or of likely success on the merits.

47. C&K is entitled to recover, subject to the principles of equity, Defendant's profits, C&K's damages, and the costs of the action under 15 U.S.C. § 1117(a). The Court may enter judgment for any sum above the amount found as actual damages, not exceeding three times that amount. 15 U.S.C. § 1117(a). This is an exceptional case, and C&K is entitled to its reasonable attorney's fees under 15 U.S.C. § 1117(a).

48. WHEREFORE, on Count I, C&K requests judgment against Defendant for preliminary and permanent injunctive relief; Defendant's profits; C&K's actual

damages, enhanced up to three times; reasonable attorney's fees; and costs.

## COUNT II: TEXAS COMMON-LAW TRADE NAME INFRINGEMENT

49. C&K incorporates the preceding paragraphs by reference.

50. To establish common-law trade name infringement under Texas law, a plaintiff must show that (1) the name it seeks to protect is eligible for protection; (2) it is the senior user of the name; (3) there is a likelihood of confusion between its name and the defendant's; and (4) the likelihood of confusion will cause irreparable injury for which there is no adequate legal remedy. *All Am. Builders, Inc. v. All Am. Siding of Dallas, Inc.*, 991 S.W.2d 484, 488 (Tex. App.—Fort Worth 1999, no pet.).

51. **Eligibility for protection.** "C&K Plumbing" is eligible for protection as a trade name. Through C&K's continuous use since 2016, it identifies C&K as the source of plumbing services in Central Texas.

52. **Senior use.** C&K is the senior user. It began using "C&K Plumbing" in 2016; Defendant did not exist until July 2021.

53. **Likelihood of confusion.** For the reasons described above and alleged in Count I, Defendant's use of "C&K Plumbing and Subcontracting, LLC," and of "CKP Plumbing," is likely to cause, and has caused, confusion with C&K's trade name.

54. **Irreparable injury.** The confusion has caused and will continue to cause irreparable injury to C&K, including loss of control over its reputation, association with work it did not perform, exposure to warranty and regulatory complaints directed at the wrong company, and erosion of the goodwill on which

C&K's referral-based business depends. These injuries cannot be fully measured or remedied by money damages.

55. Defendant's infringement has been knowing and willful and has caused C&K actual damages.

56. WHEREFORE, on Count II, C&K requests judgment against Defendant for preliminary and permanent injunctive relief, actual damages, and costs.

### COUNT III: TEXAS COMMON-LAW UNFAIR COMPETITION

57. C&K incorporates the preceding paragraphs by reference.

58. Under Texas law, a claim for unfair competition based on the use of a confusingly similar name turns on the same likelihood-of-confusion analysis that governs claims under the Lanham Act.

59. Defendant has engaged in unfair competition by adopting and continuing to use a name whose dominant portion is identical to C&K's senior trade name; by representing to C&K that it had filed for a name change while filing only an assumed name certificate; by continuing to use "C&K Plumbing and Subcontracting, LLC" in the contracting, permitting, licensing, insurance, supplier, and project channels through which it conducts business; and by expanding into C&K's Central Texas market while doing so.

60. This conduct is contrary to honest practice in commercial matters, is likely to cause and has caused confusion as to the source and affiliation of Defendant's services and has allowed Defendant to benefit from C&K's goodwill.

61. As a direct and proximate result, C&K has suffered actual damages and irreparable injury for which it has no adequate remedy at law.

62. WHEREFORE, on Count III, C&K requests judgment against Defendant for preliminary and permanent injunctive relief, actual damages and costs.

**COUNT IV: BREACH OF CONTRACT**

63. C&K incorporates the preceding paragraphs by reference.

64. The elements of breach of contract under Texas law are (1) a valid and enforceable contract; (2) the plaintiff is a proper party to sue for breach; (3) the plaintiff performed, tendered performance, or was excused from performing; (4) the defendant breached; and (5) the breach caused the plaintiff's injury. *ExxonMobil Global Servs. Co. v. Gensym Corp.*, 54 F. Supp. 3d 707 (W.D. Tex. 2014).

65. **Valid contract.** In July and August 2023, C&K offered to forgo litigation if Defendant ceased using "C&K Plumbing" in its name and expressly refused to accept the addition of "and Subcontracting." Defendant accepted in writing on August 23, 2023, when Defendant stated that Defendant had "filed for a name change with the SOS" and was working to remove the name "C&K Plumbing and Subcontracting" from its social media. C&K's counsel memorialized the agreement in writing on August 24, 2023 as Defendant's agreement "to make the appropriate and necessary filings with the Texas Secretary of State to bring about the immediate and legal change of name for your entity." Defendant has since acknowledged in writing that in 2023 it "agreed" to a resolution of C&K's naming concern.

66. **Proper party.** C&K is a party to the agreement and the party for whose benefit Defendant's name-change promise was made.

67. **Performance.** C&K performed by forgoing the litigation it had threatened, and by assisting Defendant in correcting third-party listings.

68. **Breach.** Defendant breached by failing to change its legal entity name with the Texas Secretary of State, by continuing to use "C&K Plumbing and Subcontracting, LLC" in the conduct of its business, and by refusing in August 2026 to change its legal name.

69. **Causation and damages.** Defendant's breach caused C&K's damages, including the costs of correcting misdirected records and communications and the injury to its goodwill alleged above.

70. In the alternative, Defendant is bound by its promise under the doctrine of promissory estoppel. Defendant promised that it had filed for, and would accomplish, a change of its name; Defendant could foresee that C&K would rely on that promise by forgoing suit; C&K substantially relied on the promise to its detriment by forgoing suit while Defendant expanded into C&K's market; and enforcing the promise is necessary to avoid injustice.

71. C&K has presented its claim to Defendant, including through its counsel's letters of August 24, 2023, August 28, 2026, and C&K's demand of August 13, 2026. Defendant has not tendered performance. C&K is entitled to recover its reasonable attorney's fees under Texas Civil Practice and Remedies Code § 38.001(b)(8), which permits recovery of attorney's fees from an "individual or organization" on a claim for "an oral or written contract."

72. WHEREFORE, on Count IV, C&K requests judgment against Defendant for specific performance of Defendant's agreement to change its legal name, actual damages, reasonable attorney's fees under Texas Civil Practice and Remedies Code § 38.001, and costs.

## CONDITIONS PRECEDENT

73. All conditions precedent to C&K's claims for relief have been performed, have occurred, or have been excused.

## JURY DEMAND

74. C&K demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

For these reasons, C&K respectfully requests that Defendant be cited to appear and answer, and that the Court enter judgment in C&K's favor and award the following relief:

a. preliminary and permanent injunctive relief requiring Defendant, within a reasonable transition period set by the Court, to amend its filings with the Texas Secretary of State to remove "C&K Plumbing" from its legal entity name, and to conform its registrations with the Texas State Board of Plumbing Examiners and other governmental agencies to its new name;

b. preliminary and permanent injunctive relief enjoining Defendant, and its officers, agents, servants, employees, and attorneys, and all persons

in active concert or participation with them, from using "C&K Plumbing," "C&K Plumbing and Subcontracting," "CKP Plumbing," or any other name, mark, or designation confusingly similar to "C&K Plumbing," including on contracts, bids, invoices, permits, certificates of insurance, contractor registrations, supplier and vendor accounts, project-management platforms, online listings, and other business documents;

c. an order requiring Defendant to notify its general contractors, suppliers, vendors, insurers, and the governmental agencies with which it is registered of its new legal name, to request correction of existing records that identify it by the enjoined name, and to file with the Court and serve on C&K, within thirty days after entry of the injunction, a written report under oath setting forth in detail the manner and form in which Defendant has complied, as permitted by 15 U.S.C. § 1116(a);

d. Defendant's profits and C&K's actual damages, subject to the principles of equity, under 15 U.S.C. § 1117(a);

e. enhanced damages in an amount not exceeding three times C&K's actual damages under 15 U.S.C. § 1117(a);

f. actual damages on C&K's Texas-law claims;

g. specific performance of Defendant's agreement to change its legal name;

h. a finding that this is an exceptional case and an award of C&K's reasonable attorney's fees under 15 U.S.C. § 1117(a), and an award of

reasonable attorney's fees under Texas Civil Practice and Remedies Code § 38.001(b)(8);

i. pre- and post-judgment interest and costs of suit; and

j. all other relief, at law or in equity, to which C&K may show itself justly entitled.

Date: October 30, 2025

Respectfully submitted,

**RIGBY SLACK LAWRENCE**
**PEPPER + COMERFORD, PLLC**

By: *<u>/s/ Brandon L. Crisp</u>*
Brandon Crisp
State Bar No. 24054491

3500 Jefferson Street, Suite 330
Austin, Texas 78731
Direct: (737) 234-6945
Telephone: (512) 782-2060
bcrisp@rigbyslack.com

**ATTORNEYS FOR PLAINTIFF**